CPS-342                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2136
_____

ALBERT FORD,

Appellant

v.

WILLIAM J. WOLFE, Superintendent;
RAYMOND J. SOBINA, Superintendent
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00136)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 18, 2005

BEFORE: ALITO, McKEE and AMBRO, Circuit Judges

(Filed:  December 6, 2005)

_____

OPINION
_____

PER CURIAM

    Albert Ford, pro se, appeals an order of the United States District Court for the

Western District of Pennsylvania granting the defendants' motion to dismiss for failure to

state a claim.  Ford filed a civil rights action pursuant to 42 U.S.C. § 1983 for various

alleged violations of his constitutional rights under the First, Fourth, Fifth, Eighth and

Fourteenth Amendments arising from his detention in the restricted housing units

("RHU") at S.C.I. Albion and S.C.I. Somerset.

Ford filed a complaint in which he alleged (1) that he was placed in RHU at S.C.I.

Somerset without proper notice of the reason for his placement or a hearing; (2) that his

due process rights were denied at a Program Review Committee hearing; (3) that his

Eighth Amendment rights were violated when he was subjected to an improper strip

search; (4) that prison officials ignored his request to file a criminal complaint with

respect to the strip search;[1] (5) that RHU officers harassed him with racist jokes; (6) that

the lights remain on twenty-four hours a day in the RHU; (7) that he has been denied

access to a radio, television, telephones and visitors other than immediate family; (8) that

upon arrival at S.C.I. Albion he was placed in a dirty cell in RHU and did not receive bed

linens until 3:30 a.m. or cleaning supplies until six days afer his arrival; (9) that the RHU

cells were flooded with human waste after a sewer problem; (10) that he has been served

reduced amounts of food that is cold and served on dirty trays; (11) that he was denied

access to reading materials and other personal property during his first thirty days at

S.C.I. Albion; (12) that he was only permitted two hours per month in S.C.I. Somerset's

law library and no access to a typewriter or paralegal; (13) that he has been strip searched

each time he leaves his cell; (14) that prison officials at S.C.I. Somerset searched his

---

[1] Claims one through four are based on incidents alleged to have occurred in 2000.

property every other day and read his legal materials and personal correspondence; (15) that S.C.I. Albion's RHU lieutenant has denied him access to the law library; (16) that he has been forced to produce urine samples with guards present; and (17) that guards at S.C.I. Albion have discriminated against him on the basis of race.  The defendants filed a motion to dismiss Ford's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the bases that claims one through four were time-barred and that the remaining allegations failed to state a claim because Wolfe and Sobina had no personal involvement in the incidents underlying the allegations, and a respondeat superior theory of liability could not sustain claims under § 1983.

The Magistrate Judge first noted that § 1983, not having its own statute of limitations, borrows Pennsylvania's two-year personal injury limitations period.  See Wilson v. Garcia, 471 U.S. 74, 78 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n.9 (3d Cir. 1996).  In light of the facts that claims one through four pertained to events that occurred in 2000, and that Ford did not file his complaint until 2003, the Magistrate Judge concluded that these claims were time-barred.

With respect to Ford's remaining claims, the Magistrate Judge explained that § 1983 liability cannot be premised on a theory of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  The Magistrate Judge noted that none of claims five through seventeen alleged personal involvement from either Wolfe or Sobina.  Accordingly, the Magistrate Judge concluded that, as to these allegations, Ford failed to state a claim under § 1983.

3

For the above reasons, the Magistrate Judge recommended that the defendants' motion to dismiss for failure to state a claim be granted.  The District Court adopted the report and recommendation and granted the defendants' motion.  Ford timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We have granted Ford leave to proceed in forma pauperis.

This Court is required to dismiss an in forma pauperis complaint if it is frivolous.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i).  An appeal is frivolous where none of the legal points is arguable on its merits.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  We agree with the District Court's analysis of Ford's claims, as expressed in the Magistrate Judge's report and recommendation.  Because the District Court was clearly correct in dismissing Ford's complaint for failure to state a claim, Ford has no arguable legal basis upon which to appeal the District Court's order.  His appeal is, therefore, frivolous and will be dismissed pursuant to § 1915(e)(2)(B).